Filed 10/7/25 Magnaye-Pitcher v. Trinidad CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MARICEL MAGNAYE-PITCHER,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>DANILO SOLIS TRINIDAD et al.,<br><br>      Defendants and Respondents. | B335500<br><br>Los Angeles County<br>Super. Ct. No. 20STCV31054 |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Michael B. Harwin, Judge. Affirmed.
        Law Office of Stanley D. Bowman, Stanley D. Bowman for Plaintiff and Appellant.
        Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Corinne C. Bertsche, Daniel R. Velladao; Law Offices of Scott C. Stratman, Varduhi Rose Petrosyan for Defendants and Respondents.

_____

In a slip and fall negligence case, the exclusion of the plaintiff's causation and damages expert is not prejudicial where the jury found the defendants were not negligent.

Maricel Magnaye-Pitcher suffered a broken tooth and three fractures to her jaw: one on the top, and one on each side of her bottom jaw. She required surgery. Through the time of the trial, she experienced continuing pain and difficulty eating.

Magnaye-Pitcher sued her landlords Danilo Solis Trinidad and Lydia Flores Trinidad for personal injury, alleging a wobbly wooden step on the property caused her fall.

At trial, the court gave the jury special verdict forms.

The first question was whether the defendants were negligent.

The jury said no.

The jury went no further.

On appeal, Magnaye-Pitcher alleges the trial court abused its discretion when it denied her motion to augment her expert witness list. Magnaye-Pitcher originally designated dentist Dr. Kevin Cebula to provide opinions on her present and future injuries. Cebula stopped responding to Magnaye-Pitcher's counsel. Magnaye-Pitcher sought to replace Cebula with a different expert. The trial court denied the motion, finding Magnaye-Pitcher had not acted diligently.

Magnaye-Pitcher appeals, arguing the trial court abused its discretion in denying her motion to augment her expert witness list.

We need not reach this question.

Even when a trial court errs, we do not reverse unless the error was prejudicial and caused a miscarriage of justice. (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069, quoting Cal. Const., art. VI, § 13 ["No judgment shall be set aside . . . on the ground of . . . the improper admission or rejection of evidence, . . . or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].)

Magnaye-Pitcher cannot make that showing here.

Assuming the trial court erred, Magnaye-Pitcher's expert would have addressed what caused her injury and its extent. But causation and damages are relevant only where there is a finding of negligence. (*Dee v. PCS Prop. Mgmt., Inc.* (2009) 174 Cal.App.4th 390, 406 [no prejudice where causation expert excluded where jury found defendants not negligent and did not reach causation issue].)

The jury found there was no negligence. This expert's opinion did not matter.

Magnaye-Pitcher argues her inability to present this causation evidence tainted the presentation of her whole case and undermined her credibility with the jury. We will not assume the jury improperly considered the potential cause of Magnaye-Pitcher's injury in making its negligence determination. We assume the jury follows the court's instructions. (*People v. Buenrostro* (2018) 6 Cal.5th 367, 431.)

Because Magnaye-Pitcher cannot show prejudice in these circumstances, we affirm.

///

///

3

## DISPOSITION

We affirm the order and award costs to the respondents.


WILEY, J.

We concur:


STRATTON, P. J.


VIRAMONTES, J.